IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,006-01






EX PARTE DEREK KASHIF PRICE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W06-71090-T(A) IN THE 283RD DISTRICT COURT


OF DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful restraint
under 17 and sentenced to 180 days' state jail imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary and his counsel was ineffective because he
was never told that he would have to register as a sex offender and that his judgment states that he
had no such duty, but he is now being subjected to registration. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson,
993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960) the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall make a finding as to whether Applicant
would have pleaded guilty had he known that he would have a duty to register as a sex offender. The
trial court shall make findings as to whether Applicant was affirmatively informed that he would not
be subjected to sex offender registration prior to his guilty plea. The trial court shall determine
whether an affirmative finding was made that the victim or intended victim in this cause was under
seventeen years' of age such that Applicant would be subjected to sex offender registration. Tex.
Code Crim. Proc. Art. 62.001(5)(E). The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 22, 2012

Do not publish